**Tamela DASHIELL, Plaintiff,**

v.

**VAN RU CREDIT CORPORATION, Defendant.**

**No. 1:12–CV–273 (AJT/TRJ).**

United States District Court, E.D. Virginia, Alexandria Division.

July 23, 2012.

Thomas R. Breeden, Thomas R. Breeden, P.C., Manassas, VA, Brian L. Bromberg, Bromberg Law Office, P.C., New York City, NY, Joshua R.I. Cohen, Law Office of Joshua R.I. Cohen, LLC, Rocky Hill, CT, for Plaintiff.

William D. Bayliss, Brendan D. O'Toole, Williams Mullen Clark & Dobbins PC, Richmond, VA, Bryan C. Shartle, Dayle M. Van Hoose, Sessions Fishman Nathan & Israel LLP, Tampa, FL, for Defendant.

## ORDER

ANTHONY J. TRENGA, District Judge.

This matter, an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(10), is before the Court on Plaintiff's Motion for Class Certification [Doc. No. 29]. Plaintiff seeks certification of the following class:

All individuals with Virginia addresses who: (a) on or after March 12, 2011; (b) were sent a collection letter by Defendant; and (c) in a form materially identical or substantially similar to the letter sent to the Plaintiff, attached hereto as Exhibit A.

See Pl.'s Mem. in Supp. of Mot. for Class Cert. [Doc. No. 30], at 1. Federal Rule of Civil Procedure 23(a) outlines the requirements for class certification: (1) the class must be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). Plaintiff is seeking to certify a class under Federal Rule of Civil Procedure 23(b)(3).[1]

1. Rule 23(b)(3) provides that a class action may be maintained if the requirements of Rule 23(a) is satisfied and if:

The court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
(A) The class members' interests in individually controlling the prosecution or defense of separate actions;
(B) The extent and nature of any litigation concerning the controversy begun by or against class members;
(C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) The likely difficulties in managing a class action.

2. These three additional letters are attached to Plaintiff's Motion to Certify Class, as exhibits to the Declaration of Plaintiff's Attorney Brian L. Bromberg in Support of Motion for Class Certification and Appointment as Class Counsel ("Bromberg Decl.") as Exhibits B through D.

The letter Plaintiff refers to in the proposed class definition, attached to the Complaint and to Plaintiff's Memorandum of Law in Support of Class Certification and Appointment of Class Counsel [Doc. No. 30] contains the following language which Plaintiff alleges forms the basis for Plaintiff's claim under the FDCPA:

Loan Rehabilitation is a unique opportunity for you to have your defaulted student loan(s) deleted from your Credit Bureau Report. You will have to qualify for this program by making consecutive payments to show good faith on the defaulted loan(s) currently with the Department.

If you are unable to pay the balance in full immediately due to your financial situation but do want to repay this debt through payments, this program may be ideal for you.

1. Qualify in 9 consecutive, on-time monthly payments.

Ex. A to Compl. In its responses to Plaintiff's discovery requests, Defendant produced to Plaintiff three additional letters that contain language that is substantially similar, at least with respect to that portion forming the basis for Plaintiff's claim under the FDCPA.[2]

The operative language from each letter is as follows:

(a) Exhibit B (letter dated April 19, 2011)
Loan Rehabilitation is a unique opportunity for you to have your defaulted student loan(s) deleted from your Credit Bureau Report by the U.S. Department of Education. If you are unable to pay the balance in full immediately due to your financial situation, this program may be ideal for you.
*The Loan Rehabilitation Program works as follows:*
*1. You qualify by making nine (9) consecutive, on-time monthly payments,* to show good faith on the defaulted loan(s).
(b) Exhibit C (Loan Rehabilitation Terms From and Acknowledgement Statement, attached to letter dated March 5, 2012)
Congratulations! You are eligible to participate in the Loan Rehabilitation Program. . . .
. . .
We encourage you to participate in the program and take advantage of this opportunity, and we are providing you with the following terms and conditions.
• *You must make nine (9) consecutive monthly payments* of $74.00, due on the 05th day of each month. Payments must be resolved

In contrast with the letters in *Karnette v. Wolpoff & Abramson, L.L.P.*, No. 3:06–cv–44, 2007 WL 922288, at \*5 (E.D.Va. Mar. 23, 2007), a FDCPA action for which Judge Payne granted in part and denied in part plaintiffs' motion for class certification, the four letters Plaintiff has attached to her motion are not sufficiently different such that they "would require the plaintiffs to advance different theories about why each is [in violation of the FDCPA]." While the differences in the letters may ultimately prove to be material, the Court conditionally finds at this stage that these four letters raise common questions of law under the FDCPA.[3] Further, the Court conditionally concludes, based on the current record, that the claims or defenses of Plaintiff are typical of the claims or defenses of all persons who received one of the four letters, or another letter, sent by the Defendant, containing substantially similar language to the four letters, at least with respect to that portion forming the basis for Plaintiff's claim under the FDCPA.

■ Defendant has argued that Plaintiff's proposed class definition is vague, specifically, in its use of the phrase "in a form materially identical or substantially similar to the letter sent to the Plaintiff." *See* Def.'s Opp. to Pl.'s Mot. for Class Cert. [Doc. No. 33], at 6–8. The Court agrees. However, the Court finds that the vagueness in the proposed definition is curable, by specific reference to all four letters and the allegedly violative language in each.

■ The parties agree that a total of 65 individuals within the Commonwealth of Virginia received one of these four letters. Although a class of 65 is not large enough to satisfy the Rule's numerosity requirement *per se*, it is large enough to create a presumption of numerosity. *See, e.g., Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir.1984) (certifying class of 74); *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir.1967) (certifying class of 18); *Ganesh, L.L.C. v. Computer Learning Ctrs., Inc.*, 183 F.R.D. 487, 489 (E.D.Va.1998) (citing with approval Second Circuit case certifying class of 40). *But see Roman v. ESB, Inc.*, 550 F.2d 1343, 1349 (4th Cir.1976) (declining to certify class of 53, in light of fact that 42 were already named plaintiffs). Here, the Court concludes that 65 identical suits throughout the Commonwealth would be burdensome to the parties, that identification of the 65 prospective plaintiffs would be significantly eased through class notice, and that judicial economy would be served by joining all prospective plaintiffs into a single class.

Finally, Defendant does not dispute that Plaintiff Dashiell is an adequate representative of the class, nor has it opposed that portion of Plaintiff's Motion for Class Certification that seeks to have Plaintiff's counsel,

---

timely.... *According to federal law, a loan may be considered for rehabilitation only after you have made 9 consecutive on time voluntary monthly payments ....*
Exhibit D (Loan Rehabilitation Terms From and Acknowledgement Statement, attached to letter dated May 8, 2009)
Congratulations! You are eligible to participate in the Loan Rehabilitation Program....

. . .

We encourage you to participate in the program and take advantage of this opportunity, and we are providing you with the following terms and conditions.
● *You must make nine (9) consecutive monthly payments* of $100.00, due on the 23rd day of each month. Payments must be resolved timely.... *According to federal law, a loan may be considered for rehabilitation only after you have made 9 consecutive on time voluntary monthly payments ....*
*See* Bromberg Decl. at Exs. B–D [Doc. No. 30–5].

3. The Court finds that while the letter attached as Exhibit B to the Bromberg Declaration ("Letter B") contains substantially similar operative language to the letter attached as Exhibit A to the Complaint ("Letter A"), and the letter attached as Exhibit C to the Bromberg Declaration ("Letter C") contains language substantially similar to the letter attached as Exhibit D to the Bromberg Declaration ("Letter D"), there are differences between Letters A and B, on the one hand, and Letters C and D, on the other. At this stage in the case, it is premature for the Court to determine whether the two sets of letters in fact raise common questions of law under the FDCPA or whether the claims and defenses of Plaintiff, who received Letter A, are in fact typical of those for persons who received Letter C or Letter D. Accordingly, the Court's conditional certification of the class at this time is entered without prejudice to Defendant making a subsequent showing that Letters A and B pose different legal questions or permit different claims or defenses than Letters C and D do.

Mr. Breeden, Mr. Bromberg, and Mr. Cohen serve as class counsel, and the Court, having reviewed the individual declarations filed by each counsel, finds they are competent to serve as class counsel.

For the above reasons, the Court concludes that class certification is appropriate. Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Class Certification [Doc. No. 29] be, and the same hereby is, GRANTED in part and DENIED in part. Plaintiff's motion is GRANTED to the extent that the Court will conditionally certify a class action consisting of all persons residing in the Commonwealth of Virginia who received one of the four letters attached as Exhibit A to the Complaint and as Exhibits B through D to the Bromberg Declaration. Plaintiff's motion is further GRANTED to the extent that Plaintiff Dashiell shall serve as the class representative, and also to the extent that Plaintiff's counsel, Thomas R. Breeden, Brian L. Bromberg, and Joshua R.I. Cohen shall serve as class counsel. Plaintiff's motion is DENIED with respect to the proposed class definition; and it is further

ORDERED that the parties be, and the same hereby are, DIRECTED to confer and agree on a class notice consistent with this opinion, and to submit such notice to the Court for review and approval within seven days of this Order.

The Clerk is directed to forward copies of this Order to all counsel of record.